UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVIN ARMOUR,

       Petitioner,

                                  CASE NO. 2:11-cv-13362
v.                               JUDGE STEPHEN J. MURPHY, III
                                  MAGISTRATE JUDGE PAUL KOMIVES

CARMEN PALMER,

       Respondent.[1]
                            /

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTIONS TO HOLD HABEAS PETITION IN ABEYANCE (docket #13-15)

I.      <u>RECOMMENDATION</u>: The Court should grant petitioner's first motion to hold his habeas application in abeyance and stay the proceedings while petitioner exhausts his state court remedies. If the Court accepts this recommendation, the Court should deny as moot petitioner's motion to grant his motion to stay and his second motion for stay.

II.     <u>REPORT</u>:

A.    *Procedural Background*

Petitioner Devin Armour is a state prisoner, currently confined at the Michigan Reformatory in Ionia, Michigan. On August 2, 2011, petitioner filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 state court convictions for armed robbery and felony-firearm. Petitioner's application asserts six grounds for relief: (1) insufficient evidence; (2) improper admission of evidence; (3) inaccurate information at sentencing; (4) improper scoring of the sentencing guidelines; (5) ineffective assistance of trial counsel; and (6) ineffective assistance of

---

[1] By order entered this date, Carmen Palmer has been substituted in place of Lloyd Rapelje as the proper respondent in this action.

appellate counsel. Respondent filed an answer on February 7, 2012. Respondent's answer asserts that petitioner's ineffective assistance of appellate counsel claim is unexhausted, although respondent argues that the Court should deny the claim on the merits. On February 23, 2012, petitioner filed a motion to stay, asking the Court to hold his petition in abeyance while he pursues further state court remedies to exhaust his ineffective assistance of appellate counsel claim, as well as additional unidentified claims. Petitioner subsequently filed a motion to grant the motion to stay on March 26, 2012, and a second motion to stay on April 13, 2012. Respondent has not filed a response to any of these motions. For the reasons that follow, the Court should grant petitioner's first motion to stay. If the Court does so, petitioner's other two motions will be moot, and should be denied on that basis.

B.   *Analysis*

At the outset, the Court may grant petitioner's motion based on respondent's failure to file a response. Respondent has failed to file a response to petitioner's motions, although his time for doing so has now expired. *See* E.D. Mich. LR 7.1(d). Because a response has not been filed, the motion is deemed unopposed, *see* E.D. Mich. LR 7.1(b) (emphasis added) ("A respondent opposing a motion *must* file a response, including a brief and supporting documents then available."), and may be granted on that basis. *See Brobson v. Borough of New Hope*, No. 00-0003, 2000 WL 1738669, at *7 (E.D. Pa. Nov. 22, 2000); *Earl's Offset Sales & Serv. Co., Inc. v. Bekins/EDC, Inc.*, 903 F. Supp. 1148, 1149 (S.D. Tex. 1995).

Nevertheless, the Court should also conclude that petitioner is entitled to the relief he seeks on the merits. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court. Recognizing "the gravity of this problem and

2

the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*. Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id*. Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Further, there was no dilatory conduct. Petitioner did not, for example, wait until the limitations period was almost expired and then file his habeas petition, only then seeking to return to state court. Rather, the Michigan Supreme Court denied petitioner's application for leave to appeal on March 29, 2011, *see People v. Armour*, 489 Mich. 860, 795 N.W.2d 134 (2011), and his conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired. Thus, the limitations period began to run on June 28, 2011, and petitioner filed his application shortly over one month later. As to good cause, unfortunately "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning." *Brown v. Ebert*, No. 05 Civ.

3

5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted). Nevertheless some courts, including the Supreme Court, have suggested that a prisoner's good faith misunderstanding of the law constitutes good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."); *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006) (including in definition of "good cause" a petitioner's "own ignorance or confusion about the law."). *See generally*, *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (*Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default.") (on remand from Court's decision in *Rhines*). Here, as in *Pace*, there is no evidence that petitioner's failure to exhaust his additional claims stemmed from anything other than "reasonable confusion" arising from the intricacies of habeas jurisprudence's procedural rules and the uncertainty surrounding many of those rules arising from the enactment of the AEDPA. Petitioner's failure to exhaust, in other words, arises from "the procedural complexities confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his claims. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'").

Thus, the Court should grant petitioner's request for a stay of the proceedings so that he may exhaust his additional claims. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court

4

must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela*, *supra*, explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner's request for a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process. If, upon returning to this Court, petitioner seeks to include any new issues developed in the state courts that are not set forth in his habeas application, he should file a motion to amend the petition along with his motion to lift the stay.

C.      *Conclusion*

In view of the foregoing, the Court should grant petitioner's first motion to hold his habeas application in abeyance. Specifically, the Court should grant petitioner's request for a stay, conditioned on petitioner's (1) commencing state court proceedings on his unexhausted claims within 30 days of the Court's order entering a stay, and (2) returning to this Court and seeking a lifting of the stay within 30 days of the conclusion of the state court proceedings. If the Court accepts this recommendation, the Court should deny as moot petitioner motion to grant his motion to stay and his second motion for stay.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 26, 2012            s/Paul J. Komives
                                 PAUL J. KOMIVES
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 26, 2012, electronically and/or by U.S. mail

                                 s/Michael Williams
                                 Relief Case Manager for the Honorable
                                 Paul J. Komives