UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVIN ARMOUR,

                    Petitioner,                    Case No.  2:11-cv-13362

                                                   HON. STEPHEN J. MURPHY, III
v.

SHERRY BURT,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE
OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Devin Armour is a state prisoner serving an effective term of 12-to-32 years imprisonment for his Kent Circuit Court conviction of armed robbery and commission of a felony with a firearm. Armour filed an application for habeas corpus under 28 U.S.C. § 2254. The application asserts six grounds for relief: (1) insufficient evidence; (2) improper admission of evidence; (3) inaccurate information at sentencing; (4) improper scoring of the sentencing guidelines; (5) ineffective assistance of trial counsel; and (6) ineffective assistance of appellate counsel. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

**BACKGROUND**

This Court recites the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1):

According to the record evidence, at approximately 12:30 p.m. on May 17, 2008, three men, later identified as Watkins, Armour, and Mauriece Coleman

Pertiller, entered and robbed the Fulton Street Outlet, a pawnshop in Grand Rapids, Michigan, owned by Kenneth (Ken) Hosteter and his son, Scott Hosteter. In the store at the time were Tony Spencer, a 14-year-old boy, two adult men, Ralph Hamblin and Rueben Jenkins Traviaso, and Ken, who worked behind the counter. Armour entered first, brandishing a gun. He held the patrons at gunpoint while Pertiller stole items from behind the counter and stole some of the victims' cellular telephones. Watkins stood by the entrance. After a few minutes, the perpetrators left the pawnshop, but not before Pertiller made away with additional video games and video game controllers. The three men escaped to a parked car driven by Shana Martinez-Galvan (Martinez), whom Watkins previously asked to wait on a nearby street corner. She was unaware of the robbery until the men returned wearing masks and hoods and carrying a weapon. At their command, she drove them from the scene. Several weeks later, the investigating officer, Detective Leslie Smith, of the Grand Rapids Police Department, executed a search warrant at 925 Dayton in Grand Rapids, an apartment rented by Pertiller and his girlfriend, in which he found numerous items later identified by Scott as stolen from the pawnshop. The three men were eventually arrested and their cases were consolidated and tried together.

*People v. Armour*, No. 291297, 2010 WL 3666818, *1 (Mich. Ct. App. Sept 21, 2010).

In brief, police officers were able to identify Armour as one of the perpetrators because one of the customers at the pawn shop followed the getaway car and was able to get the licence plate number. The plate number led police to Martinez, the driver, who identified the three defendants as the men whom she drove to and from the pawnshop at the time of the robbery. Police then found goods stolen from the pawnshop at an apartment at which all three defendants appeared to reside. One of the customers at the store also identified Armour as the robber who had the gun.

Following his conviction and sentence, Armour filed a claim of appeal in the Michigan Court of Appeals, which raised the following claims:

I. There was insufficient credible evidence at trial to prove Defendant was guilty of the crimes.

II. The trial court denied Defendant a fair trial by evidentiary errors and failing to grant motion for acquittal.

2

III. Sentence for armed robbery was invalid because it was based on inaccurate information.

IV. Correctly scoring the guidelines would require resentencing.

V. Defendant's trial counsel was ineffective.

The Michigan Court of Appeals affirmed Armour's conviction in an unpublished opinion. *Id.* Armour subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Armour*, 489 Mich. 860 (2011) (unpublished table decision).

Armour then filed the present action, raising the five claims he presented on direct appeal and his ineffective assistance of appellate counsel claim. The Court stayed the case so that Petitioner could return to state court to present his unexhausted appellate counsel claim to the state courts.

Armour returned to the trial court and filed a motion for relief from judgment, which contained his unexhausted claim that his attorney was ineffective. The trial court denied the motion for relief from judgment, and found that Armour's claim lacked merit. Armour then filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Armour*, No. 314450 (Mich. Ct. App. June 27, 2103). Armour applied for leave to appeal the decision in the Michigan Supreme Court but was also denied relief under Rule 6.508(D). *People v. Armour*, 840 N.W.2d 363 (Mich. 2013) (unpublished table decision).

3

Petitioner then returned to this Court, the stay was lifted, and the case is now ready for decision.

**STANDARD OF REVIEW**

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for

4

ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

## DISCUSSION

I.   Sufficiency of the Evidence

Armour's first claim asserts that there was insufficient evidence presented at trial to sustain his convictions. Specifically, he contends that the credibility of the prosecution's witnesses was so wanting that no reasonable fact finder could have based a guilty verdict on their testimony. He notes there was an absence of a confession or forensic evidence linking him to the robbery. The Michigan Court of Appeals rejected the claim on the merits, finding that the eyewitness testimony taken together with the getaway driver's testimony supported the verdict.

A "daunting, doubly deferential standard of review" applies to a sufficiency-of-the-evidence inquiry on habeas review. *Keys v. Booker*, 798 F.3d 442, 450 (6th Cir. 2015). First, a reviewing court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, even if the reviewing court concludes that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, it "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

5

The decision of the state court was reasonable. As the state appellate court noted, Martinez testified that she drove Armour and the other men involved away from the scene of the robbery, and at that time she saw they had masks and a gun and overheard them talking about the robbery. One of the victims testified that he recognized Armour as the assailant that had the gun. The credibility of the witness, despite Armour's challenges, was a matter for the jury to decide. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). The state appellate court's determination that there was sufficient evidence was not an unreasonable application of federal law.

II.    Admission of Evidence

Armour's second claim asserts that the trial court erroneously admitted evidence of items stolen from the store that were found in a residence where his personal belongings were located. Armour argues that the owner of the store was unable to properly authenticate the items found in the apartment—two watches and a cell phone—as the ones stolen from his store. He argues that the evidence was therefore irrelevant under Michigan Rule of Evidence 401. He also asserts that the eyewitness's identification testimony should have been disallowed because the witness identified Armour as the man holding the gun even though the gunman wore a bandana over his mouth and nose.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67–68. As a result, "errors in application of state law, especially with regard to the admissibility of evidence, are

usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citation omitted). On direct review, the Michigan Court of Appeals found that both pieces of evidence were properly admitted under state evidentiary law. Therefore, to the extent that Armour asserts that the trial court's admission of evidence relating to the items recovered in the apartment or the identification testimony violated Michigan law or the state rules of evidence, those claims are not cognizable on federal habeas corpus review.

Only when a state-court determination is so "fundamentally unfair" that it deprives a defendant of due process will it be cognizable on habeas review. *Id.* at 519–20. The alleged errors that Armour raises in his habeas petition do not rise to this level. *See Sanborn v. Parker*, 629 F.3d 554, 576 (6th Cir. 2010). The owner of the store identified the items recovered from the apartment as three of the items stolen from the store. Armour has offered no compelling reason to question the testimony, much less a reason why admission of the probative evidence rendered his trial fundamentally unfair. Similarly, Armour does not attempt to argue that Traviso's identification testimony was based on any suggestive identification procedure. See *Neil v. Biggers*, 409 U.S. 188 (1972). There is therefore no basis for concluding that the admission of the identification testimony violated due process.

III.   Sentencing

Armour's third and fourth claims challenge his sentence. He asserts that the sentencing guidelines were scored incorrectly and in violation of the Sixth Amendment because the sentencing judge relied on facts not admitted by Armour or proven beyond a reasonable doubt.

To the extent Armour challenges the scoring of the guidelines under state law, the

7

claim is not cognizable. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (explaining that "[a] state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only" and that a federal court may not grant habeas corpus relief on the basis of errors in state law).

Armour also raises a constitutional challenge to his sentence, however, contending that his sentence was increased on the basis of facts that he did not admit and that were not proved to the jury beyond a reasonable doubt. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In *Harris v. United States*, 536 U.S. 545 (2002), the Court held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt by the fact-finder. But in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), the Court overturned *Harris*, ruling that any fact that increases the minimum sentence for a crime is an element of the offense that must be submitted to the jury and proven beyond a reasonable doubt. The Michigan Supreme Court, moreover, recently held that Michigan has a determinate sentencing scheme and that the *Apprendi* rule, as extended by *Alleyne*, applies to Michigan's sentencing guidelines and renders them constitutionally deficient. *People v. Lockridge*, 498 Mich. 358 (2015).

At the time Armour's sentence became final in 2011, existing precedent did not require a jury to find all facts beyond a reasonable doubt that increased the mandatory minimum. *Harris*, 536 U.S. at 567. The question is whether the Supreme Court's ruling in *Alleyne*, overruling *Harris*, applies retroactively, i.e., applies to criminal convictions that

8

became final before the Supreme Court decided *Alleyne*.

A new rule of law applies retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if it involves a watershed development in criminal procedure. *Teague v. Lane*, 489 U.S. 288, 306, 312 (1989). The Sixth Circuit has held in an unpublished opinion that *Alleyne* does not apply retroactively. *Rogers v. United States*, 561 F. App'x 440, 443–44 (6th Cir. 2014); *see also In Re Mazzio*, 756 F.3d 487 (6th Cir. 2014) (holding that *Alleyne* was not retroactive under 28 U.S.C. § 2255(h)(2)). Moreover, other appellate courts to address the issue have found that *Alleyne* applies only to criminal convictions that became final after the date *Alleyne* was decided. *See Crayton v. United States,* 799 F.3d 623 (7th Cir. 2015); *United States v. Olvera*, 775 F.3d 726 (5th Cir. 2015); *Butterworth v. United States*, 775 F.3d 459 (1st Cir. 2015); *United States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014); *Jeanty v. Warden, FCI–Miami*, 757 F.3d 1283, 1285–86 (11th Cir. 2014). The Court has reviewed the caselaw and agrees that *Alleyne* does not apply retroactively.

IV.    <u>Effective Assistance of Trial Counsel</u>

Armour's fourth claim makes the unspecified allegation that his trial counsel failed "to object to certain trial statements and situations which are prejudicial." *See* Petitioner's Brief on Appeal, p. 48.

A defendant relying on a claim of ineffective assistance of counsel must make two showings. First, he "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. [The Court] must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S.

9

668, 690 (1984). Second, he must demonstrate prejudice, meaning "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,'" meaning that when applied together, the Court's "review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 689; *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

The Michigan Court of Appeals denied the claim on the grounds that Armour did not specify which occurrences at trial his counsel failed to object to, and therefore it had not been presented with a factual basis for reviewing the claim. The state court's decision was reasonable. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Malcum v. Burt*, 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003).

V.   Effective Assistance of Appellate Counsel

Finally, Armour claims that his appellate counsel was ineffective for raising the vague ineffective assistance of trial counsel claim he asserts in his fourth claim. Armour asserts that his appellate counsel should have supported the claim with allegations that his trial counsel failed to object to Martinez's testimony about how she learned his real name and failed to file a motion to dismiss the charges for want of sufficient evidence.

To succeed on a claim of ineffective assistance of appellate counsel, Armour has the burden of meeting the *Strickland* test by demonstrating both deficient performance of counsel and prejudice. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009) ("Claims of ineffective assistance of appellate counsel are subject to the Strickland test, which requires

10

a defendant to show both deficient representation and prejudice." (citation omitted)). Effective assistance of appellate counsel does not require raising every nonfrivolous argument on appeal. *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).

As correctly noted by the trial court when it denied relief with respect to this claim, Armour's appellate counsel was not ineffective for failing to raise these meritless allegations. Martinez identified Armour as one of the men she drove to and from the scene of the robbery by his street name. The testimony relating to his legal name, therefore, played no role in the outcome of the trial but was only provided as background. Likewise, Armour has presented no basis upon which his trial counsel could have successfully moved for dismissal of the charges. As explained above, the evidence presented against him was sufficient to sustain the convictions. The claim is therefore without merit.

## CERTIFICATE OF APPEALABILITY

To appeal the Court's decision, a habeas petitioner must obtain a certificate of appealability. To obtain the certificate, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Armour has not met the standard for a certificate of appealability with respect to his claims. The Court will therefore deny a certificate of appealability with respect to all of his

11

claims.

The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**ORDER**

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (document no. 1) is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 19, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

12
